**PONCA CITY MILLING CO. v. JOHN DEAN ESTATE. (A. W. Dean, Manager).**

No. 17469—Opinion Filed Jan. 25, 1927.

(Syllabus)

**1. Appeal and Error—Questions of Fact—Conclusiveness of Verdict.**

Where the evidence is conflicting and the case is submitted under proper instructions to a jury, and the jury under such instructions returns a verdict, where there is any evidence reasonably tending to support the verdict, the decision of the jury is final and will not be disturbed by this court on appeal.

**2. Same—Judgment Sustained.**

Record examined; held sufficient to support judgment of the trial court.

Error from County Court, Kay County; J. L. Robertson, Judge.

Action by the Ponca City Milling Company against John Dean Estate, A. W. Dean, manager, on contract. Judgment for defendant, and plaintiff appeals. Affirmed.

Geo. W. Miller, for plaintiff in error.

Sam K. Sullivan, Neal A. Sullivan, and R. J. Shive, for defendant in error.

HEFNER, J. This action was commenced in the county court of Kay county, Okla., on a contract entered into on the 3rd day of December, 1924, whereby the plaintiff (plaintiff in error herein) purchased from the elevator of the defendant (defendant in error herein) at Kildare, Okla., 60.000 pounds of No. 2 white kaffir corn at a price of $1.40 per hundred-weight. The defendant did not make delivery under the contract, and it is on this contract that plaintiff bases its first cause of action.

Plaintiff's second cause of action is based on a contract dated on or about the 22nd day of June, 1925, wherein plaintiff purchased from the defendant one carload of No. 2 white corn at a price of $1.05 per

bushel. The defendant alleged he shipped this corn and billed the weight at 55,000 pounds. Plaintiff paid the defendant for this amount. Plaintiff's weigher weighed the corn upon its delivery to plaintiff at Ponca City and claimed a shortage of 6-400 pounds, which had a value of $121.

On cause No. 1 and cause No. 2, plaintiff prayed judgment against the defendant in the sum of $434.27.

As a defense to the first cause of action the defendant admitted the sale of 60,000 pounds of No. 2 white kaffir corn as per the contract, and admitted that it had not been delivered and denied that any portion of the kaffir corn had been delivered under the contract, and alleged that the contract of December 3, 1924, was rescinded and abandoned by the mutual agreement of the plaintiff and defendant.

As to the second cause of action, the defendant admitted that the plaintiff purchased from it one car of white corn as alleged, and that the defendant shipped the corn to the plaintiff and billed the same at the weight of 55,000 pounds at $1.05 per bushel, and specifically denied that there was shortage of 6,400 pounds.

At the trial in the county court of Kay county, under proper instructions of the court, the jury retired and after deliberation returned a verdict in favor of defendant on cause No. 1 and also on cause No. 2, and on the 16th day of March, 1926, J. L. Robertson, county judge, rendered judgment as per the verdict of the jury.

The record has been examined and the evidence is sufficient to support the judgment of the trial court and the findings of the jury.

There are several errors complained of by the plaintiff in error, but under the instructions of the court and the findings of the jury, we do not deem any of them are of such importance to cause a reversal of this case, and the judgment is therefore affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, HARRISON, LESTER, HUNT, CLARK. and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 859, §2836; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 432; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 76; 6 R. C. L. Supp. p. 73. (2) 4 C. J. 1129, §3122.