**BOSSERT CORPORATION v. HOLLIDAY.**

No. 17566.    Opinion Filed Oct. 25, 1927.

(Syllabus.)

1. **Evidence—Extrinsic Evidence of Missing Paper Referred to in Contract as Attached.**

Where a contract refers to an attached sheet and the sheet is not attached, evidence may be introduced to show its contents.

2. **Appeal and Error—Questions of Fact—Conclusiveness of Verdict.**

Where the evidence is conflicting, but there is sufficient evidence introduced by the defendant upon which the jury could reasonably predicate their verdict, and instructions given by the court are free from error, this court, upon appeal, will not disturb the judgment.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by the Bossert Corporation against D. L. Holliday. Judgment for defendant, and plaintiff brings error. Affirmed.

G. R. Horner, for plaintiff in error.

Foster & Pinkston, for defendant in error.

HEFNER, J.  This action was brought by the Bossert Corporation, plaintiff below and hereinafter called plaintiff, against D. L. Holliday, defendant below and hereinafter called defendant, on ten promissory notes aggregating $300. The defendant in his answer and by cross-petition pleaded as a set-off against said notes certain damages sustained by him growing out of the breach of a warranty contained in the contract of purchase to the effect that the machine purchased, being a feed-cutting machine, would grind or chop alfalfa hay in the flake, that being the purpose for which the machine was purchased. The jury returned a verdict against the plaintiff and in favor of the defendant on his cross-petition in the sum of $120.40, from which judgment the plaintiff has appealed to this court.

The plaintiff urges six assignments of error. For a proper determination of this case we think it will be necessary for us to pass upon but the fifth and sixth. In the fifth assignment the plaintiff complains that the court erred in changing the plaintiff's requested instruction No. 1. This instruction is too lengthy to set out in full. In it the terms of the contract are set out, and among other things, the contract provided that in case of defects appearing within one year from date of shipment the defendant should give written notice within ten days after such defect was discovered. The writ-ten notice was not given, but the defendant communicated by telephone with the plaintiff, and the plaintiff acted upon the information received over the telephone. The court gave the instruction just as requested by the plaintiff except that it added this phrase, "unless you find from the evidence that the plaintiff waived that provision of the said contract." This waiver referred to the written notice provision. Under the circumstances, we think the court was correct in adding this provision to the instruction. It was certainly a matter for the jury as to whether or not the provision of the contract with reference to the written notice had been waived.

By plaintiff's sixth assignment of error he urges that the court permitted testimony to be introduced to change the terms of a written contract by parol evidence. The contract provided, among other things, that in case the machine failed to deliver the product claimed for it in the sheet or catalog attached to the contract, defendant should have the right to ship the machine back to the plaintiff. The "sheet or catalog" referred to in the contract was not attached. The evidence complained of was, not to vary the terms of the written contract, but to supply proof of the contents of the omitted sheet or catalog which was a part of the original contract. We think, under the circumstances, the court committed no error in permitting the evidence to be introduced.

Plaintiff has called our attention to a number of authorities to the effect that there is no implied warranty of fitness on the part of the seller where the purchaser buys a definitely described article of known manufacture. These authorities do not seem to be applicable to the case presented by the record in this appeal. The defendant contended that he purchased a machine constructed for a special purpose, warranted to chop alfalfa hay in flake. The contract provided, among other things, that "in case any machine failed to deliver the product claimed for it in our sheet or catalog hereto annexed, you may ship back the machine," etc. The sheet or catalog was not annexed.

If the sheet or catalog had been attached, then we might have a very different question. Defendant contends that the contract, including the sheet or catalog, showed that he purchased a machine constructed for a special purpose, warranted to chop alfalfa hay. Since the exhibits are missing, it was necessary to resort to other testimony. The evidence on the defendant's contention was conflicting. There was, however, sufficient

evidence to sustain the verdict of the jury. There being evidence reasonably tending to support such verdict, the same will not be disturbed by this court.

The judgment of the trial court is therefore affirmed.

BRANSON, C. J., and PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 22 C. J. p. 1290, §1717 (Anno). (2) 4 C. J. p. 859, §2836; 2 R. C. L. p. 193; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73.