## STATE ex rel. MOTHERSEAD v. CHASTAIN et al.

No. 18288.   Opinion Filed July 17, 1928.

(Syllabus.)

1. **Bills and Notes—Liability of Maker for Attorney Fee Where Payment Made Direct to Payee.**

Where the maker of a note, after maturity thereof, makes arrangements with the holder to pay the same in monthly installments, and thereafter, without notice to or knowledge of the maker, the holder places the note in the hands of an attorney for collection and such maker thereafter continues to make the monthly payments, as agreed, to the holder, and where upon tender of the last installment the holder refuses to accept the same unless the attorney fee, as provided in the note, is paid, and the holder then brings suit to recover the balance due on the note and the attorney fee, the note providing for payment of attorney fee only in the event the same is collected by an attorney or legal proceedings brought thereon, held, maker, under such circumstances, is not liable for attorney fee.

2. **Appeal and Error—Verdict Reasonably Supported by Evidence not Disturbed.**

Where a case is submitted to the jury upon conflicting evidence, and a verdict rendered for the defendants, this court, on appeal, will not disturb the verdict where there is any evidence reasonably tending to support the same.

3. **Same—Sufficiency of Instructions.**

Instructions given and refused examined. Held, the court neither erred in the instructions given nor in refusing those requested.

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; A. C. Brewster, Assigned Judge.

Action by O. B. Mothersead, Bank Commissioner, against T. J. Chastain and others to recover balance due on a promissory note and attorney fee. Judgment for plaintiff, less the attorney fee. Plaintiff appeals. Affirmed.

W. T. Hunt and Cecil L. Hunt, for plaintiff in error.

Remington Rogers (Phillip N. Landa, on the brief), for defendants in error.

HERR, C. This is an action brought by plaintiff against defendants for the sum of $546.85, balance due on a promissory note, and $379.33, attorney fee. The controversy arises over the attorney fee. There is no dispute as to the balance due on the note. Prior to the filing of this suit, defendants tendered the entire amount due on the note, less the attorney fee, which tender plaintiff refused; hence this litigation.

The note was executed by defendants to the Planters & Mechanics Bank of Tulsa, for the sum of $4,000 with interest at 10 per cent. from maturity. The bank was declared insolvent on the 12th day of January, 1925, and immediately taken over by the Bank Commissioner, plaintiff herein. D. H. Pratt was appointed liquidating agent.

It is agreed by all the parties that at this time nothing had been paid on the note. It is contended by plaintiff that Mr. Pratt, the liquidating agent, immediately placed the note in the hands of W. T. Hunt, an attorney, for collection, and that there was collected by him on said note, including principal and interest, the sum of $3,793.33. It is, however, conceded that all of this amount, except $693.33, was paid by defendants direct to Mr. Pratt, the liquidating agent.

The note provides for the payment of $10 and ten per cent, as attorney fee in the event the same is collected by an attorney or legal proceedings brought thereon. It is the contention of the defendants that nothing was collected on the note by an attorney, but that all payments made by them were made direct to the liquidating agent; that they had an agreement with said agent, after insolvency of the bank and after maturity of the note, that the same might be liquidated by monthly payments at the rate of $400 per month; that these payments were made to Mr. Pratt direct, in accordance with this agreement; that they had no notice or knowledge that the note was placed in the hands of an attorney for collection, and that Mr. Hunt, the attorney, in fact made no collection.

These contentions were, by the court, under proper instructions, submitted to the jury, who returned a verdict in favor of the defendants.

Mr. Pratt denied that the agreement, as testified to by the defendants, was ever entered into; testified that the defendants were informed that the note was placed in the hands of an attorney for collection, and further testified that he paid Mr. Hunt ten per cent. of the amount collected as attorney fee.

Mr. Hunt testified that he advised defendants that he held the note for collection; proceeded to demand payment, and that, while most of the payments were made direct to Mr. Pratt, they were so made through his efforts.

It is admitted by defendants that two payments were made direct to Mr. Hunt, one to apply on the principal in the sum of $500, made sometime during the month of July, 1925, and one payment of $193.33 to apply on interest. Defendants testify, however, that the checks for these payments were drawn and made payable to Mr. Pratt prior to receiving any notice from Mr. Hunt that he held the note for collection; that after the checks were drawn, Mr. Hunt called over the phone advising that he so held the note. Witness then advised Mr. Hunt that he had already drawn the checks payable to Mr. Pratt, and that, upon the request of Mr. Hunt, he delivered said checks to his, Mr. Hunt's, office.

It will be observed that the evidence is very conflicting, thus presenting an issue for the determination of the jury. The jury having found in favor of the defendants, and there being sufficient evidence upon which to base such finding, this court will not interfere.

Exceptions have been taken by the plaintiff to instructions given and those refused. The exceptions are based on the theory that the mere placing of the note in the hands of the attorney for collection after maturity creates a legal liability against defendants for the attorney fee specified in the note. We cannot agree with this contention. The note does not so provide, but provides for the payment of an attorney fee only in the event the same is collected by an attorney, or legal proceedings brought thereon. If the facts were as contended by defendants, and as found by the jury, defendants were not liable for the attorney fee. Nat. Sav. Fund & Bldg. Ass'n. v. Waters (Pa.) 21 Atl. 666; Barron v. Thompson (S. C.) 97 S. E. 840; Graves v. Burch (Wyo.) 181 Pac. 354.

Judgment should be affirmed.

TEEHEE, REID, LEACH, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 8 C. J. p. 1098, §1433; 3 R. C. L. p. 894; 1 R. C. L. Supp. p. 912. (2) 4 C. J. p. 858, §2836; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73.