## BROWNLEE v. BOARD OF COM'RS OF KINGFISHER COUNTY.

No. 21540. Opinion Filed April 28, 1931.

Brownlee & Blaine, for plaintiff in error.

V. D. Firestone, County Atty., for defendant in error.

CLARK, V. C. J. Plaintiff in error filed his suit in Kingfisher county against defendant in error, board of county commissioners of Kingfisher county, to recover an attorney fee and expenses. For convenience, the parties will be referred to as they appeared in the trial court.

Plaintiff alleged that on October 21, 1927, the board of county commissioners of King-

fisher county presented an accusation for removal from office against R. F. Shutler, county attorney of Kingfisher county, to the district court of Kingfisher county, and that the said district court appointed plaintiff, a member of the Kingfisher bar, as prosecuting officer in the matter of said accusation, and that plaintiff prosecuted said accusation to final conclusion and incurred certain expense in connection therewith.

Plaintiff prayed for a judgment in the sum of $750 attorney fees and $93.76 expenses paid by plaintiff in the prosecution of said accusation.

The defendant, board of county commissioners, acting through its county attorney, filed its answer, which consisted of a general denial, and pleaded other defenses not material herein. After several motions and demurrers were filed and passed upon, the issues were joined and the cause came on for trial before a jury. R. F. Shutler, former county attorney, filed a demurrer in said cause, claiming to be an intervening taxpayer. Upon a hearing on motion of plaintiff to strike said demurrer, the court ordered that said matter be stayed until the issues between plaintiff and defendant were made up, and adjudged that Shutler would only be allowed to intervene upon a failure of the defendant, board of county commissioners, to properly defend said action.

The cause was tried to a jury, resulting in a verdict in favor of plaintiff in the sum of $275 as attorney fees, and $93.76 as expenses. The court entered its judgment approving the verdict of the jury. Motion for new trial was filed and overruled. The plaintiff has brought the cause here for review. Twenty-four assignments of error appear in the petition in error.

The principal assignment of error is that the evidence is insufficient to support the finding and verdict of the jury as to the amount of compensation. The testimony was very generally to the effect that $750 would be a reasonable attorney fee for the services performed by plaintiff. However, one witness, R. F. Shutler, testified that he would have been tickled to death to get $250 for performing said services.

A careful examination of the entire record discloses the case was submitted to the jury on the issues joined by the pleadings. The instructions of the court were reasonably fair and stated the law on the issues joined. There was a conflict in the testimony as to the reasonableness of the fee claimed by plaintiff. This was a question of fact submitted to the jury, and the jury's de-

termination thereof is binding on this court. Expert testimony as to the value of attorneys' services is only opinion evidence, and is not conclusive as to the facts involved.

A jury has a right to take into consideration all the facts and circumstances surrounding said transactions; consider the reasonableness or unreasonableness of the testimony admitted; hear said testimony and give it such weight and value as in the judgment of the jury the same should be given, and then to draw their own conclusions as to the ultimate result to be determined. Such issue as to what would be a reasonable attorney fee for the services rendered is an issue of fact to be determined by the jury from all the evidence. The admissibility of testimony of expert witnesses is a question of law for the court. The weight and credibility to be given such opinions are questions for the jury alone to determine.

It is next contended by the plaintiff in error that the court committed error in denying plaintiff in error's request that the cause be tried to the court and not to the jury. It is the plaintiff in error's contention that the court appointed plaintiff to prosecute said suit, and being compelled to accept said appointment and perform said services, that it was the court's duty to fix the compensation.

The plaintiff brought his suit against the county commissioners of Kingfisher county and was seeking money judgment against the county in its corporate capacity, not only for attorney fees, but for expenses incurred as well, which is a law action and entitled the defendant to a jury trial. Plaintiff did not ask the court prior to filing this action to fix the amount of attorney fees; however, that question is not presented by this record.

A careful examination of the record, testimony of the witnesses, and instructions of the court discloses that the plaintiff in error had a fair trial on the issues joined, that the instructions of the court fairly presented the issues to the jury, and the verdict and judgment of the jury is not contrary to all the evidence. The verdict of the jury and the judgment of the court thereon should be affirmed.

We deem it unnecessary to discuss all the assignments of error, many of which are without merit. The plaintiff brought this suit for money judgment. The defendant was entitled to a jury trial. The cause was tried to a jury, and no prejudicial error appearing in the record, the judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.

CULLISON, J., disqualified, not participating.

ANDREWS, J., dissents.

---

ANDREWS, J. (dissenting). I am unable to concur with my associates in the opinion adopted by them in this cause.

The record shows that a grand jury, pursuant to section 2407, C. O. S. 1921, presented to the district court of Kingfisher county an accusation for the removal from office of R. F. Shutler, county attorney of Kingfisher county, and that, pursuant to the authority of section 2406, C. O. S. 1921, the Honorable James B. Cullison, district judge, made an order appointing Harry C. Brownlee, a practicing attorney in Kingfisher county, as the prosecuting officer to present said accusation, thereby authorizing and requiring him to conduct the proceedings against Mr. Shutler.

He performed that service in obedience to his oath as an attorney and officer of that court and, in the performance thereof, expended money for expenses in the sum of $93.76, which amount was approved by the jury and which was included in the judgment in his favor against the county. He alleged that for his services therein he was entitled to reasonable compensation and that a reasonable amount therefor was $750. His testimony was supported by that of other reputable attorneys.

At the trial of the action for recovery of compensation the board of county commissioners, acting through the county attorney, put Mr. Shutler on the witness stand and he testified that he was familiar with attorney fees allowed in cases generally; that he had personal knowledge of practically all the work the plaintiff in the case had done in presenting the accusation; that the plaintiff did a lot of work unnecessarily; that the brief prepared by the plaintiff went over practically all of the counts in the accusation, which the witness thought was absolutely unnecessary, and that "The work Mr. Brownlee done compared with the work I done and I think I did as much as he did and I would have been tickled to death if I had gotten $250 for it, and I have tried cases where I didn't get to exceed $200 and spent four and five days in the trial of them." He did not think that the prosecution was beneficial and that in the brief

282

filed by the plaintiff "he would take up one of the counts where there wasn't any evidence to support it at all and would go into it at length and would cite a lot of cases that didn't bear on the case any more than Christmas does on summer time, and his whole brief was inapplicable, and there was four or five times as much typewriting as a lawyer would ordinarily have to do in any ordinary case of this kind."

In my opinion the record clearly shows that the plaintiff was deprived of that fair trial to which he was entitled. He is entitled to reasonable compensation for his services. It was not his duty to secure a conviction of Mr. Shutler, unless the evidence warranted a conviction, and it was his duty only to assemble the evidence and present it to the proper tribunal to take all necessary steps to see that a conviction was had, if the evidence would justify a conviction.

To permit the one prosecuted to take the witness stand and testify that his prosecution was unnecessary, in my opinion, is a perversion of justice. The question as to whether or not the prosecution was necessary was foreclosed by the final order of the district court appointing the plaintiff to prosecute the accusation and directing him to do so. From that time on there was no question in the cause as to whether or not the prosecution was necessary. A jury might well consider that an attorney appointed to prosecute an accusation against a county attorney had conferred no benefit whatever on the county and thus defeat the right of a public prosecutor to compensation for his services rendered.

In my opinion this cause should have been tried on the theory hereinabove announced and that for the action of the defendant in permitting Mr. Shutler to conduct himself in this case, as this record shows he conducted himself, the cause should be reversed for a new trial.