## BIG TWELVE OIL & GAS CO. et al. v. ECO.

No. 20830. Opinion Filed Sept. 20, 1932.

Sandlin & Winans, for plaintiff in error.

C. M. Anderson, for defendant in error.

CLARK, V. C. J. This action was commenced in the district court of Stephens county by defendant in error against the plaintiffs in error.

The parties will be referred to as they appeared in the trial court.

The plaintiff's action was for rental on a string of cable tools owned by plaintiff and rented to the defendants by oral contract made between Oscar Seeley, as agent for plaintiff, and the officers of the defendant corporation and the defendant Medlin. Demand for payment thereof was made and refused.

The defendants filed joint answer by way of general denial, and specific denials, denying that plaintiff was the owner of the tools, and denying that they entered into the contract of rental.

Reply was by way of general denial and alleged that defendants are estopped from claiming or asserting that plaintiff is not the owner of said property by reason of the fact that they rented said tools from plaintiff.

Upon a trial of said cause the jury returned a verdict in favor of plaintiff. Motion for new trial was overruled, and the defendants bring the cause here for review.

Error is predicated upon the overruling of the demurrer of defendants to plaintiff's evidence; and in overruling the peremptory instructions requested by defendants; and that the judgment and verdict are not supported by sufficient evidence and are contrary to law. Also the admission of certain evidence offered by plaintiff, which was two exhibits and oral testimony with reference thereto.

There was positive evidence by the plaintiff that he was the individual owner of the tools in question during all of the time in question in the case, and that he had not sold them. That after his purchase of the tools he placed one Oscar Seeley in charge of said tools, who had authority to rent the same. That to plaintiff's knowledge no one has claimed the tools. That Oscar Seeley was working for the North American Oil & Refining Company and kept the plaintiff advised with reference to the tools, which were stored in a warehouse on a lease of the North American Oil & Refining Company. That Oscar Seeley told plaintiff that he was going to rent the tools to Tom Medlin, and that he would pay a reasonable rent. Oscar Seeley testified that in 1922 he was working for the North American Oil & Refining Company and became acquainted with a string of tools or knew about a string of tools that belonged to the plaintiff. That they were on the lease held by the North American. That later the ownership of the lease where the tools were stored was changed to the

Walters National Bank, and that he then worked for the bank and then worked for defendants, and was working for the bank at the time defendants got the tools. That he had an agreement with the plaintiff to look after the tools so they would not be taken off anywhere, and that he watched after the tools and took care of them. That in 1926 he had an agreement with reference to the tools with the defendant Medlin, and with other parties who were officers of the defendant Big Twelve Oil & Gas Company, a corporation, who wanted to use the tools on the lease of the Big Twelve Oil & Gas Company. That defendant Medlin was operating the lease. The said Seeley testified as follows as to the rental of the tools to the defendants:

"They asked me what I would charge. I said, 'I haven't any right to make a charge; the rig belongs to a man in town'; and they asked me what he would charge; I said he would charge only what was reasonable and right, so they said they would take the tools under that situation, and for that consideration."

That he turned the tools over to the defendants. That they used the tools. That he kept a record of the days they used the tools, but that his record became lost, and testified as to the days the defendants used the tools, and as to what was the reasonable rental. Also other witnesses testified as to the rental value.

The defendants admitted that they used the tools and that they were moved to the lease of the Big Twelve Oil & Gas Company and Tom Medlin.

The defendants' evidence showed contradictory statements of plaintiff and the witness Seeley as to the ownership of the tools. Also that they first used the tools by permission of one Ed Montgomery in 1926, and returned the tools, and then later used the tools off and on by permission of Montgomery. That they had no agreement with Montgomery or anyone else to pay rent on them. That later they acquired the lease on which the tools were stored, and claimed to have purchased same from the Walters National Bank, from whom they purchased the lease, and later purchased the tools from the receiver of the Commercial Oil Company, with which company the plaintiff had been connected.

Under the ruling of this court, in a law action, that the verdict of the jury is conclusive as to all disputed facts, and as to all conflicting statements, and that where there is any evidence reasonably tending to support the verdict the same will not be disturbed by this court, we are of the opinion that the court did not err in overruling the demurrer of defendants to plaintiff's evidence, and in denying the motion for peremptory instruction in favor of defendants.

As to the complaint made of certain exhibits admitted in evidence, and the oral testimony with reference to said exhibits, which exhibits were designated transfer of material, tools, and machinery from one lease to another of North American Oil & Refining Company, which were signed "William Eco, Owner," by "J. E. Cox, Supt. or Foreman," and "William Eco, Owner, by Oscar Seely, Supt. or Foreman," which were introduced for the purpose of proving ownership in plaintiff as an admission against interest of the North American Refining Company, the court excluded from the jury all reference to the name of the owner and instructed the jury to disregard that part of the instruments which says, "Wm. Eco Owner." We are of the opinion that under the evidence adduced in this case the admission of these exhibits was harmless and could not influence the jury in arriving at their verdict. The plaintiff testified positively as to his ownership of the tools.

Under the well-known rules of this court, no case should be reversed and the verdict of the jury vacated unless the party complaining had been denied some substantial right. The admission of these exhibits may have been error, but was harmless error, and did not deny the defendants any substantial statutory or constitutional rights.

The judgment is affirmed.

RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and ANDREWS, J., absent.

Note.—See under (1) 26 R. C. L. 1061, 1062; R. C. L. Perm. Supp. p. 5835. (2) 2 R. C. L. 193, 194; R. C. L. Perm. Supp. p. 368; R. C. L. Pocket Part, title "Appeal," § 167. (3) 2 R. C. L. 247 et seq.; R. C. L. Perm. Supp. p. 406 et seq.; R. C. L. Pocket Part, title "Appeal," § 205.