JOHNSON OIL REFINING CO. et al. v. ELLEDGE.

No. 23773.    Jan. 22, 1935.

Rehearing Denied March 26, 1935.

Application for Leave to File Second Petition for Rehearing Denied April 9, 1935.

West & Davidson, for plaintiffs in error.

Stuart, Derner & Hamilton, for defendant in error.

PER CURIAM. This action was filed in the district court of Tulsa county by Mrs. Floy Elledge against the Johnson Oil Refining Company, an Illinois corporation, and the Johnson Oil Refining Company, a Delaware corporation, seeking recovery of damages for the wrongful acts of the defendants in placing a certain quantity of coke in the street immediately south of the place of residence of the plaintiff.

The parties will be referred to as they appeared in the trial court.

In the summer of 1930, plaintiff resided at the intersection of Caddo and B streets, in the city of Cleveland, Pawnee county, Okla. No. 64 Highway passes along the west side of plaintiff's residence and makes a turn to the south, immediately in front of such residence. The highway carries considerable traffic. Paul Johnson owned the property immediately south of plaintiff's residence, and on the south side of Highway No. 64. In June, 1930, defendants sold certain coke to Paul Johnson, for the purpose of filling in the low places in his lot, upon which he maintained a filling station. The agents of the defendants unloaded a part of this coke into the street, and/or highway, between plaintiff's residence and Johnson's filling station, where it was permitted to remain, and was by the passage of vehicles along the highway ground into very small particles, and the south winds caused this coke dust to be blown into the residence of plaintiff for about one year's time.

Plaintiff contends that the continuous breathing of such coke dust injured her lungs, and such injury was permanent. Defendants contend that the coke was placed on the property of Paul Johnson, and not in the street, and that the plaintiff could not have suffered any injury from coke dust, as it contained no poisonous or other substances that could cause injury.

The issues were submitted to a jury, and a verdict for plaintiff was returned, fixing her damage at $3,000. On the hearing of defendants' motion for new trial, the trial judge not being satisfied that the verdict was just, directed the plaintiff to enter a remittitur of $2,500, and after the entry of such remittitur, permitted the judgment for $500 to stand.

1. Defendants assign error of the trial court in its failure to instruct the jury to return a verdict for defendants. There was evidence offered by the plaintiff that raised a question of fact, which, if true, was sufficient to sustain the verdict.

Plaintiff testified that the trucks belonging to the defendant unloaded several loads of coke in the highway or street, and not on the property of Paul Johnson; that this coke had become powdered and was by the south wind blown into her residence continuously, where she breathed it into her lungs, and it caused her to suffer severe headaches, caused her to suffer pain in her chest, and caused her to at all times have a smothered feeling, making it difficult to breath naturally.

Dr. Campbell testified that constant breathing of this coke dust had developed symptoms of fibrosis, which prevented her lungs from performing their normal functions. This brought about a weakened condition. There was a great deal of expert testimony offered by the defendants, which testimony contradicted the evidence of Dr. Campbell.

The established rule in this state is that, where there is any competent evidence to sustain the verdict of a jury, the same will not be disturbed. Big 12 Oil & Gas Co. v. Eco, 159 Okla. 110, 14 P. (2d) 377; Brownlee v. Commissioners, 148 Okla. 280, 298 P. 598; Great Western Coal & Coke Co. v. Serbentas, 50 Okla. 118, 150 P. 1042; Missouri Oil & Gas Ref. Co. v. Smith, 55 Okla. 12, 155 P. 233; Midland Valley Ry. Co. v. Goble, 77 Okla. 206, 186 P. 723.

Many other cases from this court could be cited, but the rule is well established.

2. Error is assigned because the verdict was contrary to the weight of the evidence.

The rule is that this court will not set aside the verdict of a jury, because it is against the weight of the evidence. Carr v. Maxwell Trading Co. (1909) 24 Okla. 758, 105 P. 333; Craig & Wall v. Plummer, 91 Okla. 193, 217 P. 172; Key v. Hill, 93 Okla. 64, 219 P. 308; Cavanaugh v. Joannessen, 57 Okla. 149, 156 P. 289.

3. Error is assigned because the court over the objection of the defendants instructed the jury as follows:

"You are instructed that the opinions of expert witnesses which have been admitted in this case are to be considered and given weight by you only if you find that the evidence supports the facts assumed in the hypothetical questions. It is not your duty to take for granted that the statements contained in the hypothetical questions which

have been propounded to the witnesses are true. Upon the contrary you are to carefully scrutinize the evidence, and from that, determine what, if any, facts assumed in the hypothetical questions are true, and what, if any, are not true. Should you find from the evidence that some of the material facts stated are not correct, and that they are of such character as to entirely destroy the reliability of the opinions based upon the hypothetical questions, you may attach no weight whatever to the opinions based thereon.

"You are to determine from all of the evidence what the real · facts are, and whether they are correctly or incorrectly stated in the hypothetical questions; also, even though you find the facts stated in the hypothetical questions to be correct, you are not bound by the opinion of any expert witness; and it is within your province to determine the weight to be attached to the opinion and testimony of any expert witness."

It was not error for the court to give the above instruction. Producers Oil Co. v. Eaton, 44 Okla. 55, 143 P. 9.

This tells the jury that the evidence of experts can be given only when the evidence supports the facts assumed. It is not the duty of the jury to take for granted that the statements contained in the hypothetical questions are true. If the jury finds that the facts assumed by the question are not true, then they have a right to disregard the evidence. 22 C. J. sec. 823, p. 728; Colley v. Sapp, 44 Okla. 16, 142 P. 989.

The judgment of experts, or the opinion of skilled witnesses, even when unanimous and uncontroverted, are not necessarily conclusive, but may be disregarded by the jury. 22 C. J. 823, p. 729.

Both sides introduced so called expert testimony. The jury had a right to believe either, or reject all.

The instruction does not tell the jury that they may take the testimony of the nonexpert witnesses and determine the extent of plaintiff's injury from that evidence alone.

The judgment of the district court is, therefore, affirmed.

The Supreme Court acknowledges the aid of Attorneys Adrian Melton, Harry Hammerly, and B. B. Barefoot in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Melton and approved

by Mr. Hammerly and Mr. Barefoot, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by· a majority of the court, this opinion was adopted.