## FREED FURNITURE CO. v. CRITERION ADVERTISING CO., Inc.

No. 22903. March 12, 1935.

Travis I. Milsten and James D. Johnston, for plaintiff in error.

Chas. L. Yancy, Henry L. Fist, G. C. Spillers, and E. M. Calkin, for defendant in error.

PHELPS, J. Defendant in error, plaintiff below, filed its suit in the court of common pleas, of Tulsa county, praying for judgment against plaintiff in error, defendant below, on a balance due upon a written contract to furnish certain billboard advertising. Defendant answered by unverified general denial and also pleading lack of authority on the part of A. R. Freed, who signed the contract for Freed Furniture Company, to execute the contract on behalf of the company. The cause was tried to a jury, which returned a verdict in favor of plaintiff, upon which judgment was rendered, to reverse which this appeal is prosecuted.

Counsel for plaintiff in error present their argument on their three several assignments of error under one general head, to wit, "that the verdict of the jury and judgment of the court is not sustained by sufficient evidence."

The answer of defendant in the trial court not having denied, under oath, the authority of W. R. Freed to sign the contract, upon which suit was brought, for Freed Furniture Company, the trial court instructed the jury that the contract stood admitted by the defendant, to which instruction no exception was taken. This court has repeatedly held that errors based upon instructions to the jury will not be reviewed by this court unless properly excepted to in the trial court: Kennedy v. Goodman, 39 Okla. 470, 135 P. 936. Also in Pioneer Telephone & Telegraph Co. v. Tulsa Vitrified Brick & Tile Co., 60 Okla. 129, 159 P. 477, in the third paragraph of the syllabus this court said:

"Errors in giving of instructions are waived unless saved in manner and form provided by statute, and if an exception be not saved to an instruction in the court below, no error can be assigned in this court by reason of the same having been given."

Section 220, O. S. 1931, provides that:

"In all actions, allegations of the execution of written instruments * * * shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

In Ince Nursery Co. v. Sams, 73 Okla. 138,

177 P. 370, in the first paragraph of the syllabus, this court said:

"Under section 4759, Rev. Laws 1910, the allegations of the petition as to the execution and delivery of the bond and the question of agency stand admitted, inasmuch as the answer of the defendant does not deny the same under oath."

In City of Eufaula v. Oklahoma Corrugated Steel & Iron Co., 66 Okla. 55, 166 P. 881, in the first paragraph of the syllabus, this court said:

"The petition in this case alleges the execution of a written contract between the parties; the answer having failed to deny same under oath, the execution of the contract must stand as admitted."

In the instant case the plaintiff alleges that the defendant entered into a written contract with it to furnish defendant certain billboard advertising and attached a copy of the written instrument to its petition and made it a part thereof. This allegation was not denied under oath. Under this state of the record the court instructed the jury that the contract stood admitted. Defendant saved no exceptions to this instruction. Therefore, it cannot here urge this as error of the trial court. Harris v. Smith, 149 Okla. 277, 300 P. 392; Glaser v. Glaser, 13 Okla. 389, 74 P. 944.

This court has many times held that where there is any competent evidence reasonably tending to support the verdict of the jury, the judgment of the trial court rendered thereon will not be disturbed on appeal to this court. Big Twelve Oil & Gas Co. v. Eco, 159 Okla. 110, 14 P. (2d) 377.

In the brief of defendant in error we notice a motion to dismiss the appeal on account of the motion for new trial not having been filed within three days following the rendition of judgment. Formerly we rendered an opinion sustaining said motion and dismissing the cause, but thereafter granted a rehearing, upon there being filed in this court a stipulation of the parties to the effect that there was error in the case-made as to the filing date of said motion for new trial, and that the motion had in fact been filed within time.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and WELCH and CORN, JJ., concur.