## JOHNSON OIL REFINING CO. v. WILCOXSON.

No. 24556.   Sept. 17, 1935.

West & Davidson, for plaintiff in error.

B. A. Hamilton, for defendant in error.

PER CURIAM. This action was filed in the court of common pleas of Tulsa county, Okla., by Nolan Wilcoxson against the Johnson Oil Refining Company, a corporation, seeking recovery of damages for the wrongful acts of the defendant, in permitting oil refuse to escape from defendant's refinery at Cleveland, Okla., into a stream of water and overflowing growing crops of the plaintiff, Wilcoxson.

The issues were submitted to a jury, and a verdict for plaintiff was returned, fixing his damages at $50, and judgment rendered

thereon, from which judgment defendant appeals.

Defendant for reversal of said judgment complains that the evidence introduced at the trial of this case was insufficient to establish a cause of action in favor of the plaintiff and against the defendant.

The parties will be referred to as they appeared in the trial court.

Plaintiff testified that during the year of 1931 he had an oral lease and was farming certain lands along a creek below the defendant's refinery, the defendant's refinery being located higher on the creek than the crops of the plaintiff; that on the 14th day of June, 1931, oil from the defendant's refinery came down said creek and overflowed the plaintiff's crops.

An examination of the entire record in this case discloses that the crops which were overflowed by water from said creek above the defendant's refinery were not killed or damaged to any appreciable extent, while the plaintiff's crops which were overflowed at the same time by water from said creek below the defendant's refinery were killed, there being evidence that oil deposits were found in the field of the plaintiff shortly after the overflow. Witnesses have testified that they were able to trace oil deposits upon the ground and along the banks of the creek from the plaintiff's crops directly to the defendant's oil refinery, and that the vegetation died wherever the refuse from the refinery flowed over it; this condition, however, not existing along said creek above the defendant's refinery.

The established rule in this state is: That where there is any competent evidence to sustain the verdict of a jury, the same shall not be disturbed. Big 12 Oil & Gas Co. v. Eco, 159 Okla. 110, 14 P. (2d) 377; Brownlee v. Bd. of Commissioners, 148 Okla. 280, 298 P. 598; Great Western Coal & Coke Co. v. Serbontas, 50 Okla. 118, 150 1042. Many other cases from this court could be cited, but the rule is well established.

On the question of the measure of damages for destruction of a growing crop, an examination of the record discloses evidence meeting the requirements laid down in the case of C., R. I. & P. R. Co. v. Johnson, 25 Okla. 760, 107 P. 662. This court has adhered to the rule therein announced, which is:

"The measure of damages for the destruction of a growing crop is its value at the time and place, and in the condition it was in, when destroyed.

"(a) The witness being an experienced farmer, his opinion is admissible to prove the value of a growing crop, and it is further proper to permit him to state the facts from which his conclusion was arrived at in order to aid the jury in determining whether or not his estimate was correct."

An examination of the record in this case discloses no reversible error; therefore, the judgment rendered by the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys J. C. Ryan, Clarence Leedy, and Perry J. Morris in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Ryan and approved by Mr. Leedy and Mr. Morris, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.