## JOHNSON OIL REFINING CO. v. CARNES et al.

No. 24912.   Nov. 19, 1935.

Gibson, Maxey & Holleman, for plaintiff in error.

B. A. Hamilton, for defendants in error.

PHELPS, J. The defendant, plaintiff in error, operated an oil refinery. The plaintiffs were lessees of land below the refinery.

A creek ran near the refinery and down through the land leased by plaintiffs. Plaintiffs recovered a judgment in the trial court upon evidence tending to prove that the defendant permitted certain oil refuse and other deleterious substances to escape from its refinery into the creek and that thereafter heavy rains caused the creek to overflow and deposit said substances upon and damaging their growing crops. This judgment was rendered upon a verdict which was the result of a consideration of conflicting evidence on all the major issues.

In appealing, the defendant contends that an instruction given by the judge to the jury was tantamount to instructing a verdict for the plaintiffs, in that it imposed upon defendant a greater duty than is required by law, and that the instruction was inapplicable to the issues of the case on trial.

The instruction was:

"You are instructed that by the statutes of Oklahoma, which is the law in this state, that, 'No inflammable product from any oil or gas well shall be permitted to run into any tank, pool or stream used for watering stock; and all waste of oil and refuse from tanks or wells shall be drained into proper receptacles at a safe distance from the tanks, wells, or buildings, and be immediately burned or transported from the premises, and in no case shall it be permitted to flow over the land. Salt water shall not be allowed to flow over the surface of the land,' and that a violation of this statute and law is negligence per se, that is, the act itself, in violation of the statute, is negligence."

The statute contemplated in the instruction, and copied verbatim therein, is section 11580, O. S. 1931. It relates purely to oil and gas wel's and has no more reference to a refinery than it has to any other industrial establishment. Plaintiffs do not seriously deny the inapplicability of the statute to this case, but contend that the instruction was harmless error, because section 4782, O. S. 1931, forbids the depositing of any deleterious substances in any streams, lakes, or ponds of the state, and that since the jury would have been authorized from the evidence to believe that the defendant had deposited deleterious substances in the stream, the result is the same in this particular case as if the trial court had based the instruction on section 4782. Section 4782 is contained in the chapter of our statutes relating to the Game and Fish Department and appears to have been enacted with the main idea in view of preserving fish and game. It is unnecessary to decide, however, whether that section would be applicable to an action of this kind,

because, even so, the instruction had the effect of telling the jury that (1) if waste was not drained into proper receptacles at a safe distance from the refinery or buildings thereof, or (2) if said waste was not immediately burned or transported entirely off the premises of defendant, or (3) if said waste was permitted to flow over any land, or (4) if the defendant permitted any salt water to flow over land,—in either of those cases the defendant was negligent. Since the statute applies to oil and gas wells, and no oil or gas well was involved here, the defendant was not under any statutory duty to "immediately burn or transport from the premises" its waste and other substances. Only its common-law duty is involved, to so handle and dispose of its waste substances as not to cause injury to others, or to use proper care to the accomplishment of that end. There are other objections to the instruction, which are unnecessary to discuss in view of the above.

This was not harmless error, because under this instruction the jury could have arrived at a verdict for the plaintiffs, and may have done so, upon its conclusion that the evidence indicated the failure to perform a duty which is not in fact imposed upon defendant by statute.

In Johnson Oil Refining Co. v. Wilcoxson, 173 Okla. 514, 49 P. (2d) 108, this court affirmed a judgment for another plaintiff, against this same defendant, on substantially the same facts as the facts in this case. However, in that case it does not appear that the point involved in this appeal was urged.

The judgment is reversed and the cause remanded for a new trial.

McNEILL, C. J., and WELCH, BAYLESS, and CORN, JJ., concur.