## TRI-STATE SUPPLY CO. et al. v. RODGERS.

No. 25842.    Nov. 26, 1935.

H. W. Sitton, for plaintiff in error.

Paul D. Sullivan and Sullivan & Marmaduke, for defendant in error.

PER CURIAM. Defendant in error, Jerdon Rodgers, brought an action in the justice court against the Tri-State Supp'y Company, W. G. Saunders, sole owner, for a balance of $200 due defendant in error upon the purchase of oil well casing by the plaintiff in error. Judgment being rendered for the plaintiff in error in the lower court, this cause was appealed to the district court where a trial de novo before a jury took place. No pleadings were filed by plaintiff in error in the justice or district court. The trial in the district court resulted in a unanimous verdict for the defendant in error for the full amount sued for. The sole assignment of error urged by the plaintiff in error is that the judgment is against the clear weight of the evidence and that the testimony of the defendant in error is contradicted by the plaintiff in error and four other witnesses. In support of this assignment,

counsel for plaintiff in error quotes in his brief almost the entire testimony taken at the trial, but does not direct his argument to showing that there was no evidence reasonably tending to support the verdict.

In considering this assignment of error, we are at once confronted with the rule of law long established in this state that, where there is any evidence reasonably tending to support a verdict, such a verdict will not be disturbed by this court. Lucas v. Brakefield, 8 Okla. 284, 57 P. 166; Kramer v. Ewing, 10 Okla. 357, 61 P. 1064; Boyd v. Bryan, 11 Okla. 56, 65 P. 940, and many other cases to the same effect. The sole question to be determined, therefore, is whether or not there is any evidence in the record reasonably tending to support the verdict of the jury.

The defendant in error testified that in July, 1932, through his agent, John Pressley, he sold to the plaintiff in error, through its manager, Ed Saunders, 1,000 feet of 8¼" oil well casing at an agreed price of 30c per foot, totaling $300; that the plaintiff in error paid $100 and the balance due was the amount sued for; that the casing was delivered to the plaintiff in error, and several conversations took place after the delivery between him and Ed Saunders with respect to the payment of the $200 balance; that he had previously dealt with the plaintiff in error and had paid all his bills due them; that he did not owe the plaintiff in error any sum whatsoever and knew only on the day of trial in the district court of the defendant's claim that the contract of sale was to be carried out by crediting his alleged account. The testimony of plaintiff in error agreed exactly with that of defendant in error in all essentials except as to the manner in which the balance of $200 was to be paid. Ed Saunders, manager for the plaintiff in error, testified that he bought the casing from defendant in error through the agent of the defendant in error, John Pressley, and the contract was to pay defendant $100 in cash, which was done, and to credit the account of the defendant in error with $200. John Pressley corroborated Saunders as to the manner in which the balance was to be paid. The other witnesses of plaintiff in error do not touch the way in which the balance was to be paid. The evidence as to the payment of the balance of $200 due on the sale of the casing is thus shown to be in sharp and irreconcilable conflict. A careful examination of the entire record in this case

discloses that there was evidence given by the defendant in error which sustains the verdict, which, however, is very strongly controverted. Had the verdict been for the plaintiff in error, this court could not disturb it, for to do so would be a clear invasion of the province of the jury. In the case of Ponca City Milling Co. v. John Dean Estate, 122 Okla. 156, 252 P. 829, it is said:

"Where the evidence is conflicting and the case is submitted under proper instructions to a jury, and the jury under such instructions returns a verdict, where there is any evidence reasonably tending to support the verdict, the decision of the jury is final, and will not be disturbed by this court on appeal." Oklahoma State Bank v. Ward, 127 Okla. 45, 259 P. 644; School District No. 62 v. Morgan, 127 Okla. 193, 260 P. 46; Bossert Corp. v. Holliday, 127 Okla. 214, 260 P. 480; Swindler v. Selby, 130 Okla. 294, 267 P. 471; State ex rel. Mothersead v. Chastain, 132 Okla. 43, 269 P. 319; Big Twelve Oil & Gas Co. et al. v. Eco, 159 Okla. 110, 14 P. (2d) 377; Lazzell v. Harvey, 174 Okla. 86, 49 P. (2d) 519.

Counsel for plaintiff in error stresses the fact that the defendant in error alone testified as to the manner in which the balance of $200 due upon the oil casing was to be paid, while the plaintiff in error and four witnesses testified in direct opposition thereto. This character of argument was urged in the case of McAlester-Edwards Coal Co. v. Stephenson, 126 Okla. 219, 260 P. 78, and in passing upon the same this court said:

"A judgment supported by the testimony of a single witness will be sustained, notwithstanding several other witnesses testify to the contrary on a material point, as the court will not weigh conflicting evidence."

The judgment of the trial court must, in view of all of the above, be affirmed.

The Supreme Court acknowledges the aid of Attorneys E. M. Gallaher, Harry C. Fair, and R. L. Davidson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Gallaher and approved by Mr. Fair and Mr. Davidson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, WELCH, and CORN, JJ., concur.