## JOHNSON OIL REFINING CO. et al. v. ELLEDGE.

No. 25202.  Jan. 14, 1936.

West & Davidson, for plaintiffs in error.

B. A. Hamilton, for defendant in error.

OSBORN. V. C. J. This action was instituted in the district court of Tulsa county by Mose Elledge, hereinafter referred to as plaintiff, against the Johnson Oil Refining Company, a Delaware corporation, and the Johnson Oil Refining Company, an Illinois corporation, hereinafter referred to as defendants, as an action to recover damages sustained by plaintiff on account of loss of business. The cause was tried to a jury and a verdict was rendered in favor of plaintiff in the sum of $3,000. At the direction of the trial court a remittitur of $2,000 was filed by plaintiff. Motion for new trial was overruled and defendants have appealed.

This is a companion case to Johnson Oil Refining Co. v. Elledge, 171 Okla. 398, 42 P. (2d) 840. The issues involved in the two cases are identical except as to elements of damage.

Plaintiff for a number of years had owned and operated a filling station and garage situated on the northeast corner of the intersection of Caddo and B streets in the city of Cleveland. Directly opposite and on the southeast corner of the intersection was a lot owned by one Ralph Johnson. On the north side of the Johnson lot was a dry ditch which had formerly carried surface water from the west into a small creek running north and south. Johnson decided to establish a filling station on his lot and made arrangements with one D. N. Ross to lease the station and operate the same. In order to secure an approach to the station it was necessary to fill the ditch. The evidence discloses that Johnson entered into a contract with the defendant company to fill the ditch, the contract price therefor being $75. Under the supervision of the superintendent of defendant companies approximately 35 or 40 loads of petroleum coke were hauled to the premises. The testimony offered by defendants was that the coke was placed in the ditch and covered with earth and chat, while the evidence offered by plaintiff was to the effect that a large quantity of the coke was placed in the highway and under the travel of automobiles and other vehicles it became powdered and was blown by southerly winds into his place of business to the extent that his entire premises were covered with a coating of black petroleum dust and thereby became unsightly and unclean; that from the date the coke was placed in the highway it was blown upon his premises and his business decreased until he was finally forced to abandon the location.

It is first contended by defendants that the court should have instructed a verdict in their favor for the reason that the parties who performed the acts complained of by plaintiff were not at that time the employees of defendants, but were agents and employees of Ralph Johnson and D. N. Ross. This contention is wholly without merit. The evidence of defendants was to the effect that said defendants were employed by Johnson to fill the ditch at a stipulated price. It is undisputed that the agents and employees of defendants performed and supervised the work. The evidence does not show any contractual arrangement between the parties as to the material which was to be used to fill the ditch. The evidence fails to show that either Ralph Johnson or D. N. Ross at any time exercised supervision or control over the employees of defendants in filling the ditch. Under the instructions of the court, in order to sustain a recovery for

plaintiff the jury was required to find that the coke was placed upon the highway by defendants and not by someone else. Positive finding by the jury on this point is amply supported by the evidence. The authorities relied upon by defendants are inapplicable.

It is argued by defendants that plaintiff failed to establish that the acts complained of were the moving cause of his loss of business; that the said loss of business was attributable to increased competition by the establishment of a filling station immediately across the street from his place of business and by the general economic depression which has affected every business. In this connection the court defined proximate cause and instructed the jury that unless it found that coke or other substances were placed in the highway by defendants and that coke or other substances blew onto plaintiff's place of business and that plaintiff was damaged by the loss of business as a direct and proximate result thereof, the verdict should be in favor of defendants. The finding of the jury on this point is sustained by ample competent evidence.

It is further contended by defendants that evidence of loss of profits is too speculative and uncertain to afford ground for recovery, citing Bokoshe Smokeless Coal Co. v. Bray, 55 Okla. 446, 155 P. 226. An examination of that case discloses that recovery was denied on account of lack of competent evidence. It is well established in this jurisdiction that the loss of profits proximately resulting from the destruction of an established business constitutes an element of damages recoverable for such destruction. Wellington v. Spencer, 37 Okla. 461, 132 P. 675. It has also been held that uncertainty as to the amount of damages does not prevent recovery, and where it clearly appears that loss of profits to a business has been suffered, it is proper to let the jury determine what the loss probably was from the best evidence the nature of the case admitted. Bishop-Babcock-Becker Co. v. Estes Drug Co., 63 Okla. 117, 163 P. 276. See, also, Ft. Smith & W. R. Co. v. Williams, 30 Okla. 726, 121 P. 275, 40 L. R. A. (N. S.) 494; Wellington v. Spencer, supra; Paola Gas Co. v. Paola Glass Co., 56 Kan. 614, 44 P. 621, 54 Am. St. Rep. 698; McGinnis v. Studebaker Corp. of America, 75 Ore. 519, 146 P. 825, 147 P. 525, L. R. A. 1916B, 868; Border City Ice & Coal Co. v. Adams, 69 Ark. 219, 62 S. W. 591; Anvil Min. Co. v. Humble et al, 153 U. S. 540, 14 S. Ct. 876, 38 L. Ed. 814.

Under the instructions of the court the issues were fairly defined and submitted to the jury. By order of the trial court plaintiff remitted two-thirds of the amount of the recovery fixed by the jury. On the various contested issues the evidence is highly conflicting, but there is ample competent evidence to sustain the plaintiff's recovery.

Other contentions of the parties have been examined and are without substantial merit.

The judgment of the trial court is affirmed.

McNEILL, C. J., and RILEY, PHELPS, and CORN, JJ., concur.