FIRESTONE TIRE & RUBBER CO. v. SHEETS et al.

No. 25669. Sept. 22, 1936.

Rehearing Denied Nov. 17, 1936.

Keaton, Wells, Johnston & Barnes and Fogg & Fogg, for plaintiff in error.

Morrison, Morrison & Morrison, for defendants in error.

CORN, J. Suit was brought by the Firestone Tire & Rubber Company in the district court of Canadian county against E. R. Sheets and Mrs. E. R. Sheets, doing business as Sheets Service Station, for an alleged balance due on account for merchandise. The defendants denied partnership under oath, and also denied the correctness of the account sued upon, and by way of cross-petition prayed for damages, alleging that the Sheets Service Station's business had been destroyed by reason of the failure of the plaintiff to perform its promises to make adjustments on tires in accordance with certain dealers' contracts.

Mr. Sheets, as one of the defendants, contended that he had completely lost his business by reason of numerous defective tires furnished by the plaintiff and sold by him to his retail trade and by plaintiff's failure thereafter to make proper and reasonable adjustments with his customers, and contended that the measure of damages was the injury to his business, while the plaintiff contended that damages for injury to business were too remote and too speculative to constitute a basis for recovery in an action for breach of contract.

Numerous witnesses were brought into court by the defendants and testified as to the unfortunate experiences they had had with Firestone tires purchased from Mr. Sheets and as to how the Firestone Company had refused to make adjustments for them. Expert witnesses testified as to the defects in workmanship of the tires, and Sheets testified as to the defectiveness of the tires, giving the names of some 40 customers who had purchased defective Firestone tires from him and upon which the Firestone Company refused to make adjustments.

These various customers who were brought into court to testify admitted that they had quit dealing with Sheets on account of the plaintiff's failure to make adjustments of their defective tires, and Sheets gave the names of other customers who had quit doing business with him for the same reason. He brought his books into court showing his tire sales from month to month from the time he started in the tire business to the time his business was completely lost. The books showed that in the year of 1929, his total sales in the tire business were $16,865.48; in 1930, the year he began to handle the Firestone tires, his sales were $14,875.71; that he began having trouble with these tires in the latter part of 1930 and that for the year 1931 his gross sales of tires had dropped to $8,731.69; that in 1932, his sales for that year had dropped to $3,041.56; and that in the year 1933 up to October his total tire sales amounted to only $328.77.

At the conclusion of the testimony the court directed a verdict for Mrs. E. R. Sheets, and submitted to the jury only the question of damages claimed by Sheets for loss of business on account of the breach of the contract by plaintiff, and the defendant's claim for loss of anticipated profits by reason of the breach of the contract was not submitted to the jury. The jury rendered a verdict in favor of the defendant E. R. Sheets for $2,144.09, which is exactly the difference between the amount of plaintiff's account and $4,000 damages evidently allowed the defendant. The court rendered judgment according to the verdict, from which judgment plaintiff appeals. For the sake of brevity the parties will be referred to herein as plaintiff and defendant, in the same order as they appeared in the trial court.

Section 9963, O. S. 1931, defines in general terms the measure of damages recoverable for the breach of an obligation arising from contract, as follows:

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin."

There being no specific provision in the statute for determining the measure of damages for the destruction of an established business resulting from the breach

of a contract, the foregoing general provision is applicable. Therefore the measure of damages in such cases is the amount which will compensate the aggrieved party for all the detriment proximately caused by such breach, or which, in the ordinary course of things, would be likely to result therefrom.

It is well established in this jurisdiction that the loss of profits proximately resulting from the destruction of established business constitutes an element of damages recoverable for such destruction. Wellington v. Spencer, 37 Okla. 461, 132 P. 675; Johnson Oil Refining Co. of Illinois v. Elledge, 175 Okla. 496, 53 P. (2d) 543. It has also been held that uncertainty as to the amount of damages does not prevent recovery, and where it clearly appears that loss of profits to a business has been suffered, it is proper to let the jury determine what the loss probably was from the best evidence the nature of the case admitted. Bishop-Babcock-Becker Co. v. Estes Drug Co., 63 Okla. 117, 163 P. 276. See, also, Ft. Smith & W. R: Co. v. Williams, 30 Okla. 726, 121 P. 275, 40 L. R. A. (N. S.) 494; Wellington v. Spencer, supra; Johnson Oil Refining Co. v. Elledge, supra; Paola Gas Co. v. Paola Glass Co., 56 Kan. 622, 44 P. 621, 54 Am. Rep. 598; McGinnis v. Studebaker Corp. of America, 75 Ore. 519, 146 P. 825, L. R. A. 1916B, 868; Border City Ice & Coal Co. v. Adams, 69 Ark. 219, 62 S. W. 591; Anvil Mining Co. v. Humble, 153 U. S. 540, 14 S. Ct. 876, 38 L. Ed. 814.

In the instant case the defendant, according to his business records introduced in evidence, had an established business, and was making a profit in his business, and had been doing so for a sufficient length of time that evidence as to the loss of profits was not entirely speculative. It is a matter of common knowledge and experience that persons who have an established business calculate with reasonable certainty the income derived and to be derived from their business and make their plans to live accordingly. In fact the credit structure of the country rests largely upon the certainty of income from established business in all lines of business and industry, and certainly the value of an established business is not such a matter of speculation nor the prospect of profits therefrom so remote as not to form a basis for recovery of damages for injury to it, where it is shown by competent evidence with reasonable certainty that such injury has been sustained.

Both the issues and the law of the case were fairly and properly submitted to the jury in the instructions by the court, and the findings of the jury are amply sustained by competent evidence, and we find no reason for disturbing the verdict.

Other contentions of the parties have been considered and found without substantial merit.

The judgment of the trial court is affirmed.

McNEILL, C. J., and BAYLESS, BUSBY, and PHELPS, JJ., concur. OSBORN, V. C. J., and RILEY and GIBSON, JJ., dissent. WELCH, J., absent.