(115 So. 689)

**LIDE v. BIRMINGHAM ELECTRIC BATTERY CO. (8 Div. 563.)**

Court of Appeals of Alabama. Nov. 1, 1927.

Rehearing Denied March 6, 1928.

A. J. Harris, of Decatur, for appellant.

S. A. Lynne, of Decatur, for appellee.

SAMFORD, J. The complaint was in two counts. (1) On account. (2) For goods, etc., sold and delivered. By a series of pleas and demurrers we come to consider plea 5 and the ruling of the court in sustaining demurrer to this plea, which is as follows:

"Fifth. For further answer to the plaintiff's complaint, defendant says that in February, 1924, he entered into a contract with the plaintiff, whereby plaintiff agreed with the defendant that if the defendant would handle and sell the automobile batteries which the plaintiff was wholesaling in this territory, plaintiff would guarantee to him that he would double his sale of batteries over the year preceding. Defendant accepted said proposition and commenced the sale of the plaintiff's batteries to the exclusion of other makes which he had theretofore been selling.

"Defendant avers that the expiration of a year from said contract his sales had not doubled his sales for the year preceding, and defendant also avers that at that time he was under contract with the plaintiff whereby the plaintiff had sold to him the exclusive agency for the sale of Gabriel snubbers for automobiles in the vicinity of Decatur and Albany, Ala., and defendant was indebted unto the plaintiff in a small sum for the purchases of snubbers and batteries, which he had made from the plaintiff, and he claimed that the plaintiff was indebted to him under its contract in the sum of $647.35. A controversy arose between them respecting their mutual indebtedness, and their rights and relations were submitted to three arbitrators on, to wit, the 11th day of April, 1925. Defendant avers that it was the award of said arbitrators that the account due the plaintiff by the defendant should be credited with the sum of $100, and that the relation of the plaintiff and the defendant under said contracts should continue for another year, which was assented to by the plaintiff and the defendant.

"Defendant avers that immediately within, to wit, 10 days from the rendition of said award and the agreement of the parties that said contract should be continued for 1 year, the plaintiff breached its said contract and refused to furnish to the defendant any batteries or snubbers and made the contract awarding the agency for said batteries and snubbers with some third person in Albany, Ala. Defendant avers that by reason of the plaintiff's breach of its said contract, he lost his profits from the sale of said batteries and snubbers for, to wit, 1 year, which would have amounted to, to wit, the sum of $2,300. Defendant offered to recoup or set off his damages sustained from plaintiff's breach of said contract against the demand of the plaintiff, and prays for judgment for the excess."

Demurrer to this plea raises the question that the damages claimed are speculative, dependent on contingencies and conjecture, and this presents the first assignment insisted on in brief. The profits to be derived from the sale of the articles embraced in the contract between the parties formed an elemental constituent of the contract and their loss the natural result of its breach, and where the amount can be estimated with reasonable certainty, they are allowable as damages. In arriving at this there must be some standard or established data, by reference to which the amount can be fixed with reasonable certainty. But speculative profits, such as might be the result of an adventure in business defeated by the breach of the contract, the gains from which are entirely conjectural, and with respect to which no means exists of ascertaining the probable results, cannot be recovered. Brigham v. Carlisle, 78 Ala. 243, 56 Am. Rep. 28. The fore-

338

going is true as to an adventure in business, such as is alleged in plea 5, and is a general rule supported by abundant authority. 17 Corpus Juris, 795, note 95.

A different rule applies from the destruction or interruption of an established business. In such event loss of profits may be recovered, if the amount of actual loss is rendered reasonably certain by competent proof. In the first amendment to plea 5, in which it was alleged that defendant's business in the sale of the articles under contract was established and well known, this requirement was met. 17 Corpus Juris, 795 (117) (b). This plea was not subject to the ground of demurrer that the damages were speculative or conjectural, but it was subject to the ground that the plea did not contain an averment that defendant was ready, able, and willing to perform his part of the contract. Barney v. Davis, 1 Ala. App. 595, 55 So. 1023. The second amendment to plea 5 cured this defect, and the plea was then sustained, thereby giving to defendant everything to which he was entitled under this plea.

We think that replication 6, as amended, meets every requirement of an arbitration and award. A valid agreement between the parties to submit a difference, relating to a subject-matter properly referable to arbitrators, was definite and violated no law, and finally an award in which both parties concurred and acted upon. The demurrer to this replication as amended was properly overruled. 2 R. C. L. 351, par. 2.

Whatever defects may have been in submitting the dispute between defendant and plaintiff to arbitration, the award was made and accepted by both parties and acted upon by them. The defendant cannot now repudiate it. Reynolds v. Roebuck, 37 Ala. 408.

There was no evidence to sustain the requested written charge refused to defendant. The charge was abstract and properly refused.

We find no error in the record, and the judgment is affirmed.

Affirmed.