259 P.2d 810

**WILLIAMS v. BONE.**

No. 7930.

Supreme Court of Idaho.

June 30, 1953.

Leo McCarty and Clifton Y. Creelman, Lewiston, for respondent.

KEETON, Justice.

Plaintiff, respondent here, operated a taxicab business in the City of Lewiston;

Daniel A. Quinlan, Lewiston, for appellant.

and owned and maintained a neon sign, advertising his business, attached to a building near the place where the cabs assembled and were dispatched to answer calls. A dispute arose between the plaintiff and defendant as to the right of plaintiff to maintain the sign. A part of the building to which the sign was attached was occupied by defendant as a lessee. Defendant claimed plaintiff had no right to maintain the sign; that it interfered with the view of an advertisement maintained by him. There was some controversy and discussion between the parties regarding the matter. On October 11, 1951, defendant, after plaintiff refused to remove his neon sign, removed it, and stored it in the building where defendant's business was conducted. Plaintiff in his complaint claimed the value of the sign so converted by defendant to be $400 and due to its removal his taxicab business was damaged to the extent of $500 a month; also claimed that the removal of the sign was maliciously done and asked punitive damages in the sum of $1,000.

A general demurrer to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action was overruled. Defendant answered and alleged that he held a valid lease to the premises to which the sign was attached; that he had requested and demanded that plaintiff remove the sign from the building, which demand was refused and "That upon the continued refusal and failure of the plaintiff to remove the said sign from the outside wall of the premises, the defendant's agents removed it and placed it in the basement of the leased premises * *." That at all times after its removal the sign was subject to the order of plaintiff; that he could have secured possession of it at any time. Plaintiff claimed he had the right to maintain the sign by permission from the owner of the building to which it was attached.

A trial was had, the jury assessed damages against defendant in the sum of $200, the value of the sign; loss of business and earnings because of its removal, $500; exemplary and punitive damages, $750. Judgment was entered. Defendant appealed. The parties will be referred to as they appear in the trial court.

In assignment of errors defendant (appellant here) contends that the general demurrer to the complaint should have been sustained; that the evidence is insufficient to support the judgment in the amount of $500 for loss of business earnings; that the evidence is insufficient to support the judgment for $750 exemplary damages; that the verdict of the jury was given under the influence of passion and prejudice, and in disregard of the evidence.

■ The complaint alleged ownership of the neon sign to be in plaintiff and in substance that it was converted and appropriated by defendant; alleged the claimed value of the sign; and further alleged other items of damages sustained due to the actions of defendant.

We are of the opinion that the ultimate facts were sufficiently alleged, and that the general demurrer was properly overruled.

To prove loss of business subsequent to the removal of the neon sign, plaintiff submitted bank statements of gross business income for a period of six months prior to the time the sign was removed, and for a period of six months subsequent thereto. There was no testimony proving net loss, or net decrease in income, if any. The gross loss in receipts of plaintiff, according to his testimony, for six months following the removal of the sign by defendant amounted to the sum of $254.30 per month.

Defendant in his brief concedes that the jury, by its verdict, must have considered the net loss to be about one-third of the gross income of the business.

If there is any authority to the effect that the jury could fix compensatory damages from evidence showing only gross income without deduction of expenses and costs of operation, from which the net profits or decrease in net income could be determined, it has not been called to our attention.

■ The compensatory damages suffered by plaintiff, if any, are limited to the pecuniary loss due to the wrongful acts of defendant.

■ Where a regular and established business is injured, interrupted or destroyed by the wrongful acts of another, the measure of damages, when and if recoverable, is the net loss and not diminution in gross income. Hence in the case before us, if the loss of business was occasioned by the acts of defendant, the measure of damages would be the loss of profits, if any, resulting from such wrongful act.

There is a distinction between the measure of proof necessary to establish the fact that a party has sustained some damage and the measure of proof necessary to enable the jury to fix the amount. Roseland v. Phister Manufacturing Co., 7 Cir., 125 F.2d 417, 139 A.L.R. 1013.

In Nelson v. Oversmith, 69 Idaho 1, 201 P.2d 747, this Court held that damages could not be predicated on proof of gross receipts of the business, and that such evidence, standing alone, is insufficient proof of damages.

For other authorities see St. Germain v. Bakery, etc., Union, 97 Wash. 282, 166 P. 665, L.R.A.1917F, 824; 17 C.J. 785, Sec. 112; 25 C.J.S., Damages, § 90, Page 631; Lide v. Birmingham Electric Battery Co., 22 Ala.App. 336, 115 So. 689; Southern Properties v. Carpenter, Tex.Civ.App., 50 S.W.2d 876; Krikorian v. Dailey, 171 Va. 16, 197 S.E. 442; Johnson Oil Refining Co. of Illinois v. Elledge, 175 Okl. 496, 53 P.2d 543; Adams v. Building Service Employees International Union, 197 Wash. 242, 84 P.2d 1021, Syl. 4; De Palma v. Weinman, 15 N.M. 68, 103 P. 782, 24 L.R.A.,N.S., 423; Nichols v. Anderson, 43 N.M. 296, 92

P.2d 781; Schultz v. Wells Butchers' Supply Co., 151 Wash. 382, 275 P. 737.

■ Further, damages for loss of anticipated earnings or profits must be shown with reasonable certainty. Harrington v. Hadden, 69 Idaho 22, 202 P.2d 236; Boise Street Car Co. v. Van Avery, 61 Idaho 502, 103 P.2d 1107; Megert v. Bauman, 206 Okl. 651, 246 P.2d 355. No such showing was made here.

To permit the jury to fix the amount of damages from a showing only of gross receipts is so uncertain and speculative as to what the loss might be, if any, that it is not a proper criterion in fixing the loss.

■ The jury and this Court cannot take judicial notice that a one-third, or any other part of gross income, is profit.

■ We therefore conclude that the testimony tending to show the claimed and supposed loss of profits is insufficient to sustain the verdict in this regard.

Appellant next contends that punitive or exemplary damages cannot be recovered in this proceeding for the reason there were no wanton, malicious, oppressive, gross or outrageous acts done by defendant for the purpose of injuring plaintiff.

Appellant further contends that he removed the sign from the building under a claim of right, and that the acts which he performed were done to protect his own business and not injure that of defendant.

There is no statute in this state authorizing the imposition of exemplary damages.

Our courts and courts of some of the other states of the Union have adopted the principle of, in some cases, allowing punitive damages under the rules of common law. Such damages are allowed in the nature of a punishment and warning, and example to deter the commission of like wrongs.

■ Exemplary damages are not a favorite of the law, and the power to give such damages should be exercised with caution and within the narrowest limits. 15 Am.Jur. 704.

Evidence tending to prove that the acts of defendant were malicious and for the purpose of injuring plaintiff was in conflict. Appellant does not point out wherein the evidence was insufficient to go to the jury. The court instructed the jury on exemplary damages to which defendant took no exception. The instructions so given are not assigned as error, and as a matter of fact, defendant asked instructions covering the issue as to exemplary damages, which were in substance given by the court. No error is assigned as to the applicability of such instructions.

■■ The objection defendant made to the allowance of exemplary damages and the insufficiency of the evidence to sustain it is only submitted in general terms. If the law of the case as given the jury by the court was not applicable, by failure to object or assign it as error, or submit instructions which defendant contends applicable, such matter has been waived. Where the

190

evidence is conflicting, and where it may be said that if one theory of the case is correct there may be ground for the imposition of exemplary damages, the matter is properly submitted to the jury in order that it may be determined whether or not one theory is true or the other.

This brings us to a consideration of the assignment of error relative to the amount of the exemplary damages allowed. There was ample proof to prove a conversion of the neon sign by defendant and that its value was equal to, or more than, $200.

The testimony being sufficient to sustain a verdict for $200 compensatory damages, the question is presented as to the reasonableness of $750 exemplary damages. While there is no fixed or mathematical proportion, ratio, or relation between the amount of actual damages and the amount of exemplary or punitive damages, which in a proper case may be awarded, there is ample authority for the proposition that an award must not be so disproportionate to the actual damages sustained as to be the result of passion or prejudice rather than reason, and an award of exemplary damages must bear some reasonable relation or proportion to the actual damages, the real question being whether passion rather than reason dictated the verdict.

Further, exemplary damages, when and if allowable, must bear some relation to the injury complained of and the cause thereof.

The jury, or the trier of facts, is not vested with arbitrary discretion in awarding exemplary damages out of all proportion to the actual damages sustained, and the acts of the wrongdoer. Thus in Wilkinson v. Boor Singh, 93 Cal.App. 337, 269 P. 705, exemplary damages so disproportionate to the actual damages sustained as to have no lawful basis were set aside. See also, Booth v. People's Finance & Thrift Co. of Modesto, 124 Cal.App. 131, 12 P.2d 50; Prentice v. Zumwalt, 124 Cal.App. 646, 13 P.2d 379; Luke v. Mercantile Acceptance Corp., 111 Cal.App.2d 431, 244 P.2d 764; Brewer v. Second Baptist Church of Los Angeles, 32 Cal.2d 791, 197 P.2d 713; Wolfsen v. Hathaway, Cal., 187 P.2d 449; 25 C.J.S., Damages, § 126, page 740.

are of the opinion that the judgment of $750 exemplary damages is excessive. We consider the amount out of all proportion to the award of compensatory damages sustainable and the acts of the defendant complained of. Hence it should not be permitted to stand. We therefore conclude that the judgment for $200, the value of the neon sign, should be affirmed. The $500 compensatory damages for loss to plaintiff's business is reversed and disallowed. The judgment for $750 exemplary damages is reduced to $500 and as so modified is affirmed.

The trial court will correct the judgment in accordance with this opinion. Costs to appellant.

PORTER, C. J., and GIVENS, TAYLOR and THOMAS, JJ., concur.