**George TAKAO, Appellant,**

v.

**Lillian REIMERS, Anna (Mink) Schwartz, Weibke Ryan and Ella James, Appellees.**

**No. 22955.**

United States Court of Appeals, Ninth Circuit.

May 20, 1970.

Donald E. Downen (argued), of Gigray, Boyd & Downen, Caldwell, Idaho, Frank H. Joseph, Weiser, Idaho, Robert D. Lytle, Vale, Or., for appellant.

John S. Simco (argued), of Elam, Burke, Jeppesen, Evans & Boyd, Boise, Idaho, Gatchel & Batt, Payette, Idaho, for appellees.

Before MERRILL and DUNIWAY, Circuit Judges, and BYRNE, District Judge *.

PER CURIAM:

In this diversity action for breach of a lease of Idaho farmland the sole question is whether the District Court, having found a breach, erred in its findings respecting the extent of damages suffered as a consequence.

The lease was subject to a right of sale by the lessor and the property had been sold. Given this right of sale, the court found that the leasehold in itself had no value on the open market.

The District Court also found that appellant had failed to prove loss of

* Honorable William M. Byrne, Senior U. S. District Judge for the District of Central California, sitting by designation.

net profits with sufficient certainty, since the evidence he offered was confined largely to estimates of gross yield per acre, without regard to rent and other production expenses.[1]

 After reviewing the record before us we find ourselves in agreement with the District Court. Certainly its findings were not clearly erroneous. Judgment affirmed.

Affirmed.

1. Under Idaho law, special damages must be established "with reasonable certainty." Harrington v. Hadden, 69 Idaho 22, 27, 202 P.2d 236, 238–239 (1949). In Williams v. Bone, 74 Idaho 185, 189, 259 P.2d 810, 812 (1953), it was held that evidence of expected gross income, without any showing of deductions for costs and production expenses, was insufficient to establish loss of net profits. Under these cases appellant here failed to sustain his burden of proof.