# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 50491

| | | |
|---|---|---|
| In Re: Certification of Question of Law. | ) | |
| ------------------------------------------------ | ) | |
| MYLES DAVIS, an individual, and | ) | |
| JANELLE DAHL, an individual, | ) | |
| | ) | |
|    Plaintiffs-Appellants, | ) | Boise, September 2023 Term |
| | ) | |
| v. | ) | Opinion Filed: June 27, 2024 |
| | ) | |
| BLAST PROPERTIES, INC., dba | ) | Melanie Gagnepain, Clerk |
| B&B CUSTOM HOMES, an Idaho | ) | |
| corporation, and TYLER BOSIER, | ) | |
| an individual; and DOES 1-50, inclusive, | ) | |
| | ) | |
|    Defendants-Respondents. | ) | |

Certified question of law from the United States District Court for the District of Idaho. B. Lynn Winmill, U.S. District Court Judge.

Certified question of law answered.

Perkins Coie, LLP, Boise, and Singler Professional Law Corporation, *Pro Hac Vice* Windsor, California, for Appellants, Myles Davis and Janelle Dahl. Peter A. Singler submitted argument on the briefs.

Johnson May, Boise, for Respondents Blast Properties and Tyler Bosier. Wyatt Johnson submitted argument on the briefs.

---

BRODY, Justice.

This case involves a question of law certified by the United States District Court for the District of Idaho pertaining to punitive damages. The certified question tasks this Court with determining the proper means a trial court must apply when considering a motion to amend a pleading to include a prayer for relief seeking punitive damages pursuant to Idaho Code section 6-1604(2).

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves a disputed real estate and construction contract. The plaintiffs have sued their homebuilder, alleging breach of contract, fraud, and violations of the Idaho Consumer Protection Act. The U.S. District Court granted plaintiffs' motion to amend their complaint to

1

include a prayer for relief seeking punitive damages, but in doing so, explained that it was certifying a question to this Court because state and federal courts in Idaho have been inconsistent in their analysis of the requirements of Idaho Code section 6-1604(2), a statutory provision prohibiting claimants from including a prayer for relief seeking punitive damages in their initial pleading. Because of the lack of controlling precedent from this Court, the U.S. District Court certified the question presented below.

## II.    CERTIFIED QUESTION

The U.S. District Court certified the following question:

Is the [Federal Rule of Civil Procedure] 50 approach, as described in this decision, the proper means for the trial court to comply with its obligations under Idaho Code § 6-1604(2), to determine, "after weighing the evidence presented," whether the plaintiff has established a "reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages?"

Given the need to provide guidance to both federal and state trial courts and the fact that they do not have the same rules of procedure, we rephrase the question as:

What is the proper means for a trial court to comply with its obligations under Idaho Code section 6-1604(2) when ruling upon a motion to amend a complaint or counterclaim to include a prayer for relief seeking punitive damages?

## III.    ANALYSIS

This Court has long held that punitive damages are not favored in the law and that the authority to award such damages should be exercised with caution. *Williams v. Bone*, 74 Idaho 185, 189, 259 P.2d 810, 812 (1953); *Manning v. Twin Falls Clinic & Hosp., Inc.*, 122 Idaho 47, 52, 830 P.2d 1185, 1190 (1992). Nearly 40 years ago, as part of broad-sweeping tort reform, the Idaho Legislature enacted Idaho Code section 6-1604 which sets constraints on punitive damages. In its present form, the law caps punitive damages, limits the types of misconduct which will support a punitive damages award, sets a "clear and convincing evidence" burden of proof at trial, and sets the standard to amend a pleading to include a prayer for relief seeking punitive damages:

(1) In any action seeking recovery of punitive damages, the claimant must prove, by clear and convincing evidence, oppressive, fraudulent, malicious or outrageous conduct by the party against whom the claim for punitive damages is asserted.

(2) In all civil actions in which punitive damages are permitted, no claim for damages shall be filed containing a prayer for relief seeking punitive damages. However, a party may, pursuant to a pretrial motion and after hearing before the court, amend the pleadings to include a prayer for relief seeking punitive damages. *The court shall allow the motion to amend the pleadings if, after weighing the*

2

*evidence presented, the court concludes that, the moving party has established at such hearing a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages.* A prayer for relief added pursuant to this section shall not be barred by lapse of time under any applicable limitation on the time in which an action may be brought or claim asserted, if the time prescribed or limited had not expired when the original pleading was filed.

(3) No judgment for punitive damages shall exceed the greater of two hundred fifty thousand dollars ($250,000) or an amount which is three (3) times the compensatory damages contained in such judgment. If a case is tried to a jury, the jury shall not be informed of this limitation. The limitations on noneconomic damages contained in section 6-1603, Idaho Code, are not applicable to punitive damages.

(4) Nothing in this section is intended to change the rules of evidence used by a trier of fact in finding punitive damages.

I.C. § 6-1604. (emphasis added).

Central to this matter, section 6-1604(2) prohibits parties in all civil actions from including a prayer for relief seeking punitive damages in their initial pleadings:

In all civil actions in which punitive damages are permitted, no claim for damages shall be filed containing a prayer for relief seeking punitive damages.

I.C. § 6-1604(2). Instead, a party seeking punitive damages must file a pretrial motion seeking permission to amend the initial pleading and a hearing on the motion must be held:

[A] party may, pursuant to a pretrial motion and after hearing before the court, amend the pleadings to include a prayer for relief seeking punitive damages.

*Id.*

Traditionally, under both state and federal rules of civil procedure, motions to amend pleadings are liberally granted. *See* I.R.C.P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Iron Eagle Dev., LLC v. Quality Design Sys., Inc.*, 138 Idaho 487, 492, 65 P.3d 509, 514 (2003); *see also* Fed. R. Civ. .P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) [of the Federal Rules of Civil Procedure] declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). This Court explained in *Duffin v. Idaho Crop Improvement. Association*, that it is "generally inappropriate to consider the substantive merits of the claim sought to be added when passing on a motion to amend." 126 Idaho 1002, 1013, 895 P.2d 1195, 1206 (1995) (citing 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1487 (2d ed. 1990)).

3

Section 6-1604(2), however, sets a higher bar for parties seeking to amend their initial pleading to include a prayer for relief seeking punitive damages:

> The court shall allow the motion to amend the pleadings if, *after weighing the evidence presented*, the court concludes that, the moving party has established at such a hearing *a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages*.

I.C. § 6-1604(2) (emphasis added). The question certified by the U.S. District Court tasks this Court with interpreting the emphasized language.

"The objective of statutory interpretation is to derive the intent of the legislative body that adopted the act." *Darrow v. White*, 172 Idaho 272, 280, 531 P.3d 1169, 1177 (2023) (quoting *Est. of Stahl v. Idaho State Tax Comm'n*, 162 Idaho 558, 562, 401 P.3d 136, 140 (2017)). "Statutory interpretation begins with the literal language of the statute." *Id*. "The statute should be considered as a whole, and words should be given their plain, usual, and ordinary meanings." *Id*. This Court gives effect to all the words and provisions of a statute so that none will be void, superfluous, or redundant. *Id*. "When the statutory language is unambiguous, the clearly expressed intent of the legislative body must be given effect, and the Court need not consider rules of statutory construction." *Id*.

The trial court plays a vital gatekeeping role under section 6-1604(2). Instead of simply examining the language of the proposed amended pleading when determining whether to grant a motion to amend, subsection (2) requires the trial court to "weigh" the evidence presented by the moving party in support of its motion and determine, after a hearing on the motion, whether there is a "reasonable probability" of "proving facts at trial" which are "sufficient" to support an award of punitive damages. The U.S. District Court considered whether the "weighing the evidence presented" language requires a trial court to conduct a full-blown evidentiary hearing prior to trial. We conclude that it does not.

When used generally, the phrase "weighing the evidence" evinces a deliberative process where the factfinder determines whether witnesses are credible, assesses whether the testimony of one witness should be given greater consideration than another's, and resolves disputes over questions of fact like whether the traffic light was green when the defendant drove into the intersection. The phrase "weighing the evidence presented" as used in section 6-1604(2), however, must be read in context. Under the statute the "weighing" of the evidence presented does not require an in-court presentation of evidence, but rather, requires a determination of whether there

4

is a "reasonable probability" of "proving facts at trial" that are "sufficient" to support an award of punitive damages. This means the trial court must assess whether the evidence submitted by the moving party is: (1) admissible at trial; and (2) "sufficient" to support an award of punitive damages.

Assessing the admissibility of evidence is guided by rules of evidence and we need not say more on this point. The term "sufficient" as used in this provision means two things. First, it means the claim giving rise to the request for punitive damages must be legally cognizable. By way of example, this Court examined the legal sufficiency of evidence in the context of a motion to amend a complaint to include a prayer for relief seeking punitive damages in *Duffin,* 126 Idaho 1002, 895 P.2d 1195. In *Duffin*, buyers of certified seed potatoes sued the sellers and the Idaho Crop Improvement Association after potatoes grown with the purchased seed were infected with bacterial ring rot. 126 Idaho at 1005, 895 P.2d at 1198. The Duffins claimed the seed was infected when they made the purchase, and they eventually filed a motion to amend their complaint to add claims for fraud and to include a request for punitive damages. *Id*. at 1013, 895 P.2d at 1206.

The trial court denied the Duffins' motion to amend, concluding there was no evidence of the bad state of mind necessary to support an award of punitive damages. *Id.* The Duffins challenged that decision on appeal, and this Court, looking only at traditional requirements under Rule 15 of the Idaho Rules of Civil Procedure, concluded that the trial court misapplied Rule 15 by examining the substantive merits of the claim. *Id.* Nonetheless, this Court concluded that the denial of the motion to amend was proper because the allegations in the proposed amended complaint failed to support the claims asserted as a matter of law:

> The Duffins made no allegations which, if proven, would entitle them to recover for fraud. This claim was predicated on the fact that ICIA and CFI had represented that the seed was "certified." The Duffins alleged that the subsequent discovery of [bacterial ring rot] rendered this representation false and misleading, thereby giving rise to a duty to disclose. As stated in our discussion concerning the existence of an express warranty, "certification" means the potatoes have been inspected and found to meet the requirements for certification at the time of inspection. Thus, the subsequent discovery of that disease did not render the representations that the seed sold to the Duffins was "certified" false or misleading. Since there are no allegations that CFI seed was not found to meet the requirements for certification prior to the sale to the Duffins, the order of the district court denying leave to amend was ultimately correct.
>
> With regard to punitive damages, I.C. § 6–1604(1) provides that to recover such damages, a claimant must prove the existence of oppressive, fraudulent, wanton, malicious, or outrageous conduct by the party against whom the claim is

5

asserted. Other than the allegation that CFI and ICIA failed to disclose the discovery of [bacterial ring rot], there are no allegations that either CFI or ICIA engaged in any outrageous conduct. As a matter of law, the failure to disclose a subsequently discovered fact, absent a duty to do so, is not such conduct that would support an award of punitive damages under I.C. § 6–1604. We therefore affirm the order of the district court denying the Duffins' motion for leave to amend their complaint.

*Id.* at 1013–14, 895 P.2d at 1206–07.

Our point in discussing *Duffin* here is to provide an example of the circumstances under which a motion to amend to include a request for punitive damages should be denied because a claim is legally insufficient. Having said that, we acknowledge that our opinion in *Duffin* is an example of how this Court's opinions have created uncertainty in this area of the law. In that portion of the opinion addressing the trial court's decision on the Duffins' motion to amend their complaint, we discuss the requirements of Idaho Code section 6-1604(1), but we do not mention or discuss the requirements of Idaho Code section 6-1604(2). Instead, this Court applied Rule 15 of the Idaho Rules of Civil Procedure. We make it clear today that the application of Rule 15 in this context would be erroneous.

Beyond examining *legal* sufficiency, the term "sufficient" as used in section 6-1604(2) also requires the trial court to weigh the quantum of evidence submitted. In other words, the trial court must determine whether there is a reasonable probability of having "enough" admissible evidence to support a claim requesting punitive damages. "Sufficient" evidence in this context means that there must be "substantial" evidence.

It is true that section 6-1604(1) requires that a claimant seeking punitive damages prove the claim by "clear and convincing" evidence at trial. The clear and convincing evidentiary standard is the standard for a jury—not the trial court when it is ruling on a motion to amend a pleading to include a prayer for relief seeking punitive damages. In the motion to amend context, the standard to be applied is whether there is "substantial" evidence—the same standard used to determine whether a claim should be submitted to a jury at trial when a motion for directed verdict (or motion for judgment of law in a federal case) has been made.

We recently addressed the standard for a directed verdict in a fraud case. *Inv. Recovery Fund, LLC v. Hopkins*, 167 Idaho 42, 467 P.3d 406 (2020). Clear and convincing evidence of fraudulent misconduct will support an award of punitive damages. I.C. § 6-1604(1). In *Hopkins*, individual investors formed a limited liability company for purposes of asserting a collective claim

6

against Hopkins Financial and the principals of Hopkins Northwest Fund, LLC, after the fund declared a moratorium on redemptions, preventing investors from taking their money out of the fund. *Hopkins,* 167 Idaho at 45, 467 P.3d at 409. The investors lost their investments when the fund declared bankruptcy six years after the moratorium, and Investor Recovery sued, asserting claims of fraud by nondisclosure. *Id.* After seven days of trial, the district court granted the principals' motion for a directed verdict, concluding that Investor Recovery did not prove that the individual investors' losses were causally connected to the principals' alleged nondisclosures. *Id.* We reversed the district court's directed verdict. *Id.*

In our decision, we explained that the district court applied the wrong standard when deciding the motion for a directed verdict. *Id.* at 49, 467 P.3d at 413. The district court ruled that a jury could not reach a conclusion, by clear and convincing evidence, on one of the essential elements of a fraud claim:

> The essential element of the claim is that the nondisclosure be the cause of the loss, and here *it is my finding that a jury could not conclude by clear and convincing evidence* that the nondisclosure of the management's ability to call a moratorium during the fall and winter of 2007 up through February of 2008 caused the loss.

*Id.* (emphasis in original). We held this conclusion was error and that the district court should have applied a "substantial" evidence standard:

> To prevail at trial, Investor Recovery needed to prove all elements of its fraud claim by *clear and convincing* evidence. *Watts*, 131 Idaho at 619, 962 P.2d at 390. However, to survive a motion for a directed verdict, Investor Recovery needed to produce *substantial* evidence of the elements in dispute. *Jordan v. Hunter*, 124 Idaho 899, 907, 865 P.2d 990, 998 (Ct. App. 1993); *see also April Beguesse, Inc. v. Rammell,* 156 Idaho 500, 509-10, 328 P.3d 480, 489-90 (2014) (holding that when reviewing a directed verdict decision in a fraud claim, this Court determines whether there was sufficient evidence to submit the claim to the jury).

*Id.* (emphasis in original).

Beyond addressing the certified question, the parties in their briefing to this Court dispute whether the U.S. District Court erred in its application of Idaho Code section 6-1604(2). Any analysis as to whether the U.S. District Court erred exceeds the scope of the certified question, and we will not address those arguments. *See United States v. Gutierrez (In re* Order Certifying Question to Sup. Ct. of Idaho), 169 Idaho 135, 137, 492 P.3d 1094, 1096 (2021). ("This Court's role is limited to answering the certified question when the question it presents is narrow.") (internal quotation marks and citations omitted). The U.S. District court's memorandum decision

7

certifying the question presented makes it clear that it may be amenable to reconsidering its decision depending on how this Court answers the question certified.

## V.    CONCLUSION

Section 6-1604(2) requires the trial court to do a careful examination of the evidence submitted by the moving party in support of its motion to amend and the arguments made to determine whether there is a "reasonable probability" that the evidence submitted is: (1) admissible at trial; and (2) "sufficient" to support an award of punitive damages. The word "sufficient" means that the claim giving rise to the request for punitive damages must be legally cognizable and the evidence presented must be substantial.

Chief Justice BEVAN, and Justices MOELLER and ZAHN CONCUR.

Justice Stegner did not participate.